FILED

JAN 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HUA QING MO, | No. 11-73903 |
| Petitioner, | Agency No. A098-453-010 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Hua Qing Mo, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion by denying Mo's untimely motion to reopen where the motion was filed more than two years after the IJ's final order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Mo failed to demonstrate inadequate notice of the hearing, which was delivered to the address he provided in his asylum application, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A); *Singh-Bhathal v. INS*, 170 F.3d 943, 946 (9th Cir. 1999) (alien who receives written notice of hearing has 180 days from date of in-absentia deportation order to file a motion to reopen; untimely motions are "absolutely barred"). Further, Mo failed to demonstrate due diligence as required for equitable tolling of the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011).

In addition, Mo failed to establish materially changed country conditions in China warranting reopening. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (setting forth the requirements for demonstrating changed country conditions in support of a motion to reopen); *Najmabadi*, 597 F.3d at 991 (self-induced changes in personal circumstances are not sufficient to demonstrate changed country conditions).

11-73903

We reject Mo's contention that the entry of an in absentia order violated due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge).

Finally, our review is limited to the administrative record and thus we do not consider materials referenced in petitioner's opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**